MOANANU LIUONE of Pavaiai, Appellant

v.

TUANAITAU, M. V. of Pavaiai, Appellee

No. 37-1961

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Ifiatua: in Pavaiai]

July 19, 1961

OPINION AND ORDER OF AFFIRMANCE

Heard at Fagatogo on July 7, 1961 before MORROW,
*Chief Justice*, and TUIASOSOPO and MALAUULU,
*Temporary Associate Judges.*

Vaalele Ale, counsel for Appellant.

Muagututia Tuia, counsel for Appellee.

MORROW, *Chief Justice*

This is an appeal from an order of the Trial Division
requiring appellant Moananu Liuone "to remove his house
from and to vacate the land Ifiatua within four months
from the date of this order which is June 6, 1961."

Most of the basic material facts in this case are
undisputed. The real dispute hinges around the question as
to whether the part of the land Ifiatua conveyed by one
Feato, a young man in the Tuana'itau Family of Pavaiai,

to Moananu was communal family land of the Tuana'itau Family or the individually-owned land of Feato. Ifiatua is in the Village of Pavaiai. It is not registered.

Feato borrowed $200.00 from Moananu sometime prior to June 30, 1960. To secure the payment of the money borrowed, Feato executed a mortgage to Moananu on Ifiatua "adjacent to the real estate belonging to Leomiti of the Village of Pavaiai." The money together with the interest thereon was to be repaid by August 31, 1960, payment by installments to begin on June 30, 1960. Feato paid nothing whatever. At the expiration of the time for the payment of the money, Feato made an oral conveyance of the mortgaged land to Moananu in satisfaction of the debt, claiming that the land conveyed was his individually-owned land and that he had the right to convey it. Sometime thereafter Moananu erected his house on Ifiatua. It is set up on concrete posts, as are many palagi-type houses in Samoa. The foregoing facts are undisputed.

Tuana'itau, the appellee, instituted proceedings in the Trial Division to secure an order requiring Moananu to remove his house from Ifiatua and to vacate the land. A hearing was had by the Court at Fagatogo and later at Pavaiai where the Court visited the land involved in the presence of the parties and their counsel and questioned witnesses. The witnesses at Pavaiai were also questioned by counsel for the respective parties.

The trial court concluded from the evidence that Ifiatua was the communal family land of the Tuana'itau Family and not the individually-owned land of Feato, a young man in the family. It ruled, therefore, that Moananu took nothing by the oral conveyance from Feato, and that he had no right to keep his house on the land and to continue to occupy it.

Section 213, Chapter 5 (Judiciary and Judicial Procedure) of Section 10 of Amendments Nos. 11–59, 1952 to

the A. S. Code provides that, "The Appellate Division of the High Court on appeal . . . shall have the power to affirm, modify, set aside, or reverse the judgment or order appealed from or reviewed and to remand the case with such directives for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless *clearly erroneous* (emphasis added)."

The basic question before the Appellate Division is whether the finding of the Trial Division that the land Ifiatua was communal family land, and not individually-owned land of Feato, was supported by the evidence before the trial court or was it clearly erroneous in the light of such evidence.

Toluao, a witness 83 years old, testified in the trial court that the land Ifiatua was cleared from the bush before 1900; and that he saw it cleared and planted by Tulaga, Tia Tatupu, Tia Tuvale, and Faimalo. These men belonged to the Tuana'itau Family of Pavaiai. When the Court visited Ifiatua, two very old men testified before the judges that Ifiatua had been cleared from the bush by members of the Tuana'itau Family and that it was not cleared by either Feato or by Feato's father. The judges saw two old graves on the land, which, according to family tradition, were the graves of two former holders of the Tuana'itau title. The Court takes judicial notice of the custom of the Samoans to bury their chiefs on communal family land. Chiefs are not buried on individually-owned land.

Feato testified that his parents and he cleared Ifiatua from the virgin bush. Feato is 54 years old. Silauleaga, his mother, was a sister of Tuana'itau Numera. She was married to a Western Samoan who came to Tutuila and lived with Silauleaga in her Tuana'itau Family on Ifiatua.

Called as a witness for Moananu, Feato testified:

"CJ: Would you first state your name, age, and village?

"A   Feato Tua of Pavaiai; 54 years of age.

CJ:   Did you live on this land Ifiatua?

"A   Yes.

"CJ:   Now were you born on it?

"A   Yes.

"CJ:   Who lived on it before you were born?

"A   My parents.

"CJ:   What family did they belong to?

"A   Tua.

"CJ:   That is the Tuana'itau Family?

"A   Yes.

"Q   (By Ale) Is it true to say that Ifiatua is your own land, privately-owned land instead of a communal family land?

"A   It is my individually-owned land. I cultivated it, cleared it, together with my parents."

If Feato cleared Ifiatua together with his parents, it must have been cleared not earlier than seven or eight years after Feato was born in 1907 (he was 54 years old in 1961). A boy younger than seven or eight years could hardly help his parents clear land from the virgin bush. If Feato helped his parents clear Ifiatua (as his testimony indicated), then Ifiatua must have been virgin bush before he was born. And if he was born on Ifiatua, as he testified, then it would follow that his mother went out into the virgin bush to give birth to him, a most improbable thing. It will be noted from the above testimony that Feato testified that his parents lived on Ifiatua before he was born. If he helped his parents clear it when he got to be seven or eight years of age (and he could hardly help them clear it at an earlier age) and his parents lived on Ifiatua before he was born, as he testified, then his parents must have lived in the virgin bush for a good many years, a very improbable thing.

The judges of this Court are thoroughly familiar with Samoan customs. We know that under those customs when

land is cleared from the virgin bush, it is done by young men in the family either with or without the help of the chief, and that when the land is cleared it becomes communal family land and not the individually-owned land of some young man in the family, and it is claimed by the chief and the family as communal family land.

Now, according to Feato's testimony, above quoted, his father and mother lived in the Tua Family when Ifiatua was cleared. His mother, Silauleaga, as we have said, was a sister of Tuana'itau Numera. She was a Tua woman. Feato's father came from Western Samoa and lived with his mother in the Tua Family. He became, then, a married man to the family, and under Samoan customs a member of it. If we are to believe Feato's story as to who cleared it, the land would be cleared under the authority of their chief and it would become communal family land. That was the custom when this land was cleared, whether it was cleared before 1900 or seven or eight years after Feato was born on it in 1907 or later.

The judges of this Court, as we have said, know the customs, and we know that whether the land was cleared by Tua Family members before 1900 or it was cleared by Feato's parents (aided by their small boy), living in the Tua Family, the land became communal land of the Tua Family in accordance with the customs of the Samoans. Section 2 of the A. S. Code provides that, "The customs of the Samoans not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa shall be preserved."

We think that the weight of the evidence is to the effect that the land was cleared from the virgin bush before 1900 by Tuana'itau Family members, as 83-year-old Toluao testified, which testimony was confirmed by two very old witnesses who testified before the trial court at Pavaiai. The evidence with respect to the graves of the two chiefs of

the Tua Family as well as the fact that Feato did not claim compensation for war damage on Ifiatua (it was claimed by a lesser matai in the Tua Family) supports the view that Ifiatua is communal family land and not individually-owned land of a young man in the family.

It was claimed on appeal that the trial court was in error when it said in its opinion that Feato lived in Western Samoa for a good many years. The transcript of the testimony taken at Fagatogo shows that Feato testified that, "The truth of the matter is that I went to Upolu when I was 20 years of age, and I spent less than a year there in Upolu and returned." And a moment later in response to the question, "Will you tell the Court when you came back from Upolu, when you came over to Tutuila, how old were you?" Feato answered, "Over 30 years." According to Feato's first testimony, he spent less than a year in Upolu; according to his later testimony, he must have spent more than 10 years there. We cannot say that the trial court, in view of his later testimony, was in error.

However, it makes no difference. It is not material whether Feato lived in Upolu 10 years or less than one year. The fact is that Feato has lived on Ifiatua most of his life. But that is not a circumstance to prove that Ifiatua was his individually-owned land. He has lived and is living in the Tua Family of which he is a member. Samoan family members usually live on the communal land of their families all of their lives. And the fact that a family member lives on communal family land of his family for 50 years, 60 years, or 75 years does not convert the communal family land into his individually-owned land.

We have gone over the evidence carefully. It is our conclusion that Feato, a young man in the Tua Family, living on communal family land of his family was trying to convey a piece of his family land to Maonanu to satisfy his personal debt to Moananu. We think that the findings of

fact of the trial court are fully sustained by the evidence and that they are not "clearly erroneous." Feato had nothing to convey and Moananu got nothing.

It follows, therefore, that the order of the trial court should be affirmed.

### ORDER OF AFFIRMANCE

Accordingly, it is ORDERED that the order of the Trial Division in the case of *Tuana'itau, M. V., of Pavaiai v. Moananu, Liuone of Pavaiai*, No. 30-1961, be and the same is hereby affirmed.

Costs in the sum of $6.00 are hereby assessed against appellant Moananu, the same to be paid within 30 days.